SMITH, Circuit Judge,
dissenting.
I disagree with the majority’s qualified immunity conclusion and therefore respectfully dissent.
As stated by the majority, our qualified immunity analysis focuses on whether Richmond possessed a clearly established right to be free from a forcible strip search that took place in the field rather than in a controlled environment, such as a jailhouse. Whether a right is clearly established is a question of law that we review de novo. Hill v. McKinley, 311 F.3d 899, 902 (8th Cir.2002).
A person’s right to be free from a strip search conducted in an unreasonable manner is clearly established. See Bell v. Wolfish, 441 U.S. 520, 559-60, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). However, our inquiry is more precise: Was it clearly established that the forcible strip search of a suspect in the field for investigative purposes was unreasonable? Cf. Evans v. Stephens, 407 F.3d 1272, 1283 (11th Cir.2005) (en banc) (“Seldom does a general standard such as ‘to act reasonably’ put officers on notice that certain conduct will violate federal law: Fourth Amendment law is intensely fact specific.”).
I believe that the right was clearly established. A strip search conducted with the utmost courtesy is nonetheless inherently humiliating and degrading. Swain v. Spinney, 117 F.3d 1, 6 (1st Cir.1997); Mary Beth G. v. City of Chic., 723 F.2d 1263, 1272 (7th Cir.1983) (recognizing the “magnitude of the invasion of personal rights” that a strip search represents, characterizing it as “demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission .... ” (citation and internal quotations omitted)). Considering the nature of the strip search, courts have held that a constitutional strip search should be conducted in private, e.g., Young v. City of Little Rock, 249 F.3d 730, 736 (8th Cir.2001), and in a hygienic manner, e.g., Evans, 407 F.3d at 1277. Although a strip search need not be conducted in the least intrusive manner, it must be conducted in a non-abusive manner. Evans, 407 F.3d at 1281 (citing Bell, 441 U.S. at 560, 99 S.Ct. 1861 (noting that even corrections officers in a jail cannot conduct strip searches of incarcerated inmates in “an abusive fashion”)).
The officers subjected Richmond to an unnecessarily invasive and intimidating search. Although the search was conducted in the relative privacy of a motel room by male officers using sterile gloves, no urgency justified forcibly strip searching a handcuffed arrestee. Officer Reynolds testified that no exigent circumstances existed, and the record lacks sufficient evidence to support the jury’s finding that exigent circumstances were present. Moreover, field strip searches are not common — all three officers testified that they have never strip searched a suspect in the field before or since the search of Richmond — and may excite increased fear and intimidation. See Evans, 407 F.3d at 1281 (noting that plaintiffs were searched in “an abnormal place,” a broom closet, rather than “a dedicated search cell, medical examination room, or even a bathroom”). Investigative strip searches usually involve an officer’s request to the subject of a strip search to remove his or her own clothing. E.g., Way v. County of Ventura, 445 F.3d 1157, 1159 (9th Cir.2006); Evans, 407 F.3d at 1276-77; Swain, 117 F.3d at 4. Non-consensual and forcible field strip searches of restrained arrestees are not a matter of routine law enforcement investigation inci *1011 dent to arrest. An objectively reasonable police officer should have known that forcible removal of a physically restrained person’s clothing, coupled with inspection of his genitalia and buttocks, involves a level of intrusion that requires more justification than the instant facts establish.
I therefore respectfully dissent.